**No. 25-10143**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

Emmet O'Brien,

*Plaintiff-Appellant*,

v.

Paul Flick and Samuel Chamberlain,

*Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Florida

No. 24-cv-61529-MD

_____

## APPELLEE'S ANSWER BRIEF

_____

Nicholas J. Gehrig
Bean, Kinney & Korman
2311 Wilson Boulevard
Suite 500
Arlington, VA 22201
(703) 525-4000
ngehrig@beankinney.com
*Attorney for Appellee Samuel Chamberlain*

**Certificate of Interested Persons and Corporate Disclosure Statement**

In accordance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Defendant-Appellee, Samuel Chamberlain, certifies that the following individuals and entities have an actual or potential interest in the outcome of the appeal:

1. Bean, Kinney & Korman, PC (Counsel for Appellee Chamberlain)

2. Chamberlain, Samuel (Appellee)

3. Gehrig, Nicholas J. (Counsel for Appellee Chamberlain) and John F. Rodgers, Redmon, Peyton & Braswell, LLP;

4. Gourlis, Charles (Counsel for Appellee Flick)

5. Flick, Paul (Appellee)

6. Leto, Matthew (Counsel for Appellee Flick)

7. Leto Law Firm (Counsel for Appellee Flick)

8. O'Brien, Emmet (Appellant)

Appellee, Samuel Chamberlain, is not a subsidiary or affiliate of a publicly owned corporation.

**Statement Regarding Oral Argument**

This Court should decide this matter without oral argument because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. R. 34(a)(1)(C); *see also* 11th Cir. R. 34-3(b)(3).

# Table of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement ..................C-1

Statement Regarding Oral Argument ........................................................................ i

Table of Contents ................................................................................................... ii

Table of Citations .................................................................................................. iii

Statement of the Issue(s) .........................................................................................1

Statement of the Case...............................................................................................2

Summary of the Argument........................................................................................5

Argument...................................................................................................................6

    I.      The District Court Properly Barred O'Brien's Claims as
           Compulsory Counterclaims.....................................................................8

    II.     The District Court Did Not Abuse Its Discretion in Sanctioning
           O'Brien for Violating His Duty of Candor.............................................13

    III.   The District Court Did Not Abuse Its Discretion in Striking
           O'Brien's Proposed Sur-Reply. ............................................................14

Conclusion ..............................................................................................................16

Certificate Of Compliance ......................................................................................17

Certificate Of Service..............................................................................................17

**Table of Citations**

**Cases**                                                                    **Page(s)**

*AE Capital Grp., LLC v. No-H2O USA, Inc.*, No. 23-60601-CIV,
2024 U.S. Dist. LEXIS 157816 (S.D. Fla. Aug. 14, 2024) …………………6, 9, 11

*Albra v. Advan, Inc.*, 490 F.3d 826 (11th Cir. 2007) ………………………….. 14

*ALK 2, LLC v. K2 Marine, Inc.*, 647 F. Supp. 3d 1253 (M.D. Ala. 2022) ……… 8

*Benning v. Ga. Dep't of Corr.*, No. 5:19-cv-00248-MTT-CHW,
2020 U.S. Dist. LEXIS 273770 (M.D. Ga. Apr. 9, 2020) ……………......... 13

*Borden v. Saxon Mortg. Servs.*, 469 F. App'x 752 (11th Cir. 2012) ………….. 12

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ……………………………… 3

*Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495 (11th Cir. 1983) ……….. 13

*EEOC v. STME, LLC*, 938 F.3d 1305 (11th Cir. 2019) ……………………….. 14

*Harris v. Warden, Hardee CI*, 498 F. App'x 962 (11th Cir. 2012) ……………. 4

*Jones v. Szalai*, 778 F. App'x 847 (11th Cir. 2019) ……………………………. 13

*Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) ……………………………….. 13

*Loren v. Sasser*, 309 F.3d 1296 (11th Cir. 2002)……………………………… 14

*\*Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991)…..4, 9, 10

*Moskovits v. Aldridge Pite, LLP*, 677 F. App'x 510 (11th Cir. 2017) ………….13

*Pinkston v. Univ. of S. Fla. Bd. of Trs.*, 752 F. App'x 756 (11th Cir. 2018) ……4, 15

*Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979)..8, 10, 11, 12

*Prof'ls Direct Ins. Co. v. Lopez*, No. 09-cv-21761-PAS,
2009 U.S. Dist. LEXIS 139157 (S.D. Fla. Sep. 9, 2009) ………..…………… 15

*Quamina v. Ocwen Loan Servicing*, No. 16-60909-CIV,
2016 U.S. Dist. LEXIS 162673 (S.D. Fla. Nov. 21, 2016) …………….…. 10

*\*Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*,
755 F.2d 1453 (11th Cir. 1985) ………………………………………. 7, 8, 11, 12

*VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*,
645 F. App'x 912 (11th Cir. 2016)………………………………….…… 8

**Statutes and Rules**

\*Federal Rule of Civil Procedure 13(a) ………………………….. 3, 6-8, 10, 12, 14

Local Rule 7.1 of the Southern District of Florida …………………..  5, 7, 14-15

## Statement of the Issue(s)

I.     Whether the district court erred in finding that the Plaintiff-Appellant's claims were compulsory counterclaims and dismissing his Amended Complaint with prejudice;

II.    Whether the district court abused its discretion when it found that the Plaintiff-Appellant violated his duty of candor and assessed a sanction of dismissal without prejudice; and

III.    Whether the district court abused its discretion when it granted the Motion to Strike in part and struck the Plaintiff-Appellant's Proposed Sur-Reply.

## Statement of the Case

This case is the third iteration in a series of disputes over the deterioration of business relationships between NO-H2O USA, Inc. ("NO-H2O") and its CEO and majority shareholder, Emmett O'Brien ("O'Brien"), and two NO-H2O investors, Samuel Chamberlain ("Chamberlain") and Paul Flick ("Flick"). First, in March 2023, Flick, as Managing Member of AE Capital Group, LLC, sued O'Brien and NO-H2O for breach of contract, fraud, and securities-related claims. *See* Case No. 23-cv-60601-RS (the "*AE Capital* litigation"). Then, in May 2023, Chamberlain, as Managing Member of Piccadilly Holdings II, LLC, together with two other investors of NO-H2O, sued O'Brien and NO-H2O for similar fraud- and securities-related claims. *See* Case No. 23-cv-60978-DSL (the "*Piccadilly Holdings* litigation").

Over a year later, on August 20, 2024, O'Brien initiated this *pro se* lawsuit and sued Chamberlain and Flick for various tort and fraud-related claims. *See* [Doc. No. 1] (Complaint). After the district court dismissed O'Brien's *pro se* Complaint as a shotgun pleading, O'Brien filed an Amended Complaint, asserting, *inter alia*, defamation, intentional infliction of emotional distress, tortious interference with business relationships, and fraudulent misrepresentation against Chamberlain and Flick. *See* [Doc. No. 8]. Both Chamberlain and Flick filed Motions to Dismiss, [Doc. Nos. 9, 11, 12], which the district court granted in an

Order dated January 10, 2025, [Doc. No. 22]; *see O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 U.S. Dist. LEXIS 10625 (S.D. Fla. Jan. 10, 2025).

The district court found that O'Brien's claims in this matter were compulsory counterclaims under Federal Rule of Civil Procedure 13(a) which O'Brien was required to assert in the two previous lawsuits. *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *10. Specifically, "O'Brien's claims in this case share a logical relationship with each of the prior suits: they arise out of the same transaction or occurrence, namely the unraveling of the business relationships surrounding No-H2O since the involvement of Flick and Chamberlain in that business began in 2020." *Id.* As such, the district court held that the claims were barred and dismissed them with prejudice. *Id.* at *12.

The district court also sanctioned O'Brien for violating his duty of candor—specifically, for his use of non-existent, AI-generated legal citations—and assessed a sanction of dismissal without prejudice. *Id.* at *17. Relatedly, the district court concluded that "O'Brien's bad faith citation of non-existent authorities would 'serve only to foster extensive and needless satellite litigation.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991)). Finally, the district court granted Flick's Motion to Strike in part, *see* [Doc. No. 18] (Motion to Strike), due to O'Brien's failure to comply with the Local Rules of the Southern District of Florida. *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *19-20. Accordingly, the

district court struck O'Brien's proposed Sur-Reply. *Id.*; *see* [Doc. No. 16] (Sur-Reply).

At bottom, the district court dismissed O'Brien's Amended Complaint with prejudice because O'Brien failed to timely bring those claims in the prior two lawsuits against him. Notably, "O'Brien belatedly moved for leave to amend his Answers to assert counterclaims in both cases, and … each attempt was denied by the district court for multiple, redundant reasons." *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *11 n.3. Thus, because "O'Brien did not timely assert any counterclaims against either Flick or Chamberlain in either suit, despite each lawsuit being about the business relationship between each Defendant and O'Brien vis-à-vis No-H2O," the district court held that O'Brien is barred from bringing those claims now in a new lawsuit. *Id.* at *11.

This Court reviews de novo a district court's decision to dismiss a plaintiff's complaint as barred by the compulsory counterclaim rule. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1379 (11th Cir. 1991). This Court reviews for abuse of discretion a district court's use of its inherent authority to impose sanctions and to manage its docket by striking pleadings. *Harris v. Warden, Hardee CI*, 498 F. App'x 962, 964 (11th Cir. 2012) (reviewing for abuse of discretion the imposition of sanctions); *Pinkston v. Univ. of S. Fla. Bd. of Trs.*, 752 F. App'x 756, 758 (11th Cir. 2018) (reviewing for abuse of discretion the decision to strike a pleading).

## Summary of the Argument

This case is about whether a disgruntled defendant may circumvent the compulsory counterclaim bar by waiting until it is too late to file his counterclaims in the original litigation. The answer to that question, as the district court held below, is no. Thus, dismissal of the Plaintiff-Appellant Emmett O'Brien's Amended Complaint with prejudice was proper, and this Court should affirm.

If this Court decides to address O'Brien's other arguments, it should affirm the district court's order in those respects as well. First, the district court properly relied on its inherent authority to sanction O'Brien by assessing a sanction of dismissal without prejudice when he violated his duty of candor. Second, the district court properly struck O'Brien's proposed Sur-Reply due to his failure to comply with the conferral requirement of Rule 7.1 of the Local Rules of the Southern District of Florida. That Court has warned O'Brien multiple times in various proceedings, including specifically admonishing him for past failures to follow the conferral requirement. When he flouted the requirement below, the district court properly struck his Proposed Sur-Reply.

## Argument

In this appeal, *pro se* Plaintiff-Appellant Emmett O'Brien airs a laundry list of grievances with the district court's dismissal of his Amended Complaint. He argues, in short, that (a) the compulsory counterclaim rule does not bar his claims because the claims either did not have a logical relationship to the earlier litigation or were unavailable to him at that time; (b) U.S. District Judge Rodney Smith's ruling in *AE Capital Group, LLC v. No-H2O USA, Inc.*, No. 23-60601-CIV, 2024 U.S. Dist. LEXIS 157816 (S.D. Fla. Aug. 14, 2024), expressly permitted O'Brien to file his claims in a separate proceeding; (c) this Court should interpret Rule 13(a) of the Federal Rules of Civil Procedure flexibly in view of O'Brien's *pro se* status; (d) the sanction of dismissal without prejudice below, which O'Brien inaccurately portrays as a sanction of dismissal *with* prejudice, was an abuse of discretion; (e) this Court should grant O'Brien relief under Rule 60(b)(2) due to "newly discovered evidence"; (f) the district court violated O'Brien's due process rights by, *inter alia*, imposing a double standard and ultimately siding with the Defendants-Appellees below; and (g) this Court should reassign this case to a different district court judge on remand.[1]

---

[1] The district court relied in part on the "[m]any harms [that] flow from the submission of fake opinions" when it sanctioned O'Brien for his citation to nonexistent, AI-generated legal authorities. *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 U.S. Dist. LEXIS 10625, at *15 (S.D. Fla. Jan. 10, 2025). And yet, despite that admonishment, it appears that O'Brien continues to rely on generative artificial intelligence for his legal research. The citations in his

In reality, this case is simple. First, the district court correctly held that O'Brien's claims are barred by the compulsory counterclaim rule, and this Court should affirm the dismissal with prejudice on that basis alone. Second, even if this Court reaches O'Brien's other arguments, the district court did not abuse its discretion in assessing a sanction of dismissal without prejudice for O'Brien's violation of his duty of candor. Third, the district court did not abuse its discretion in striking O'Brien's proposed Sur-Reply for his failure to comply with the conferral requirement in Local Rule 7.1 of the Local Rules of the Southern District of Florida.

---

brief before this Court rarely reference or support the propositions they are cited for. *Compare, e.g.*, App. Brief at 22 (citing *Republic Health Corp. v. Lifemark Hosps.*, 755 F.2d 1453, 1455 (11th Cir. 1985), for the proposition that "Rule 13(a) must be applied in a way that actually promotes judicial efficiency"), *with Republic Health Corp.*, 755 F.2d at 1455 (reversing the district court because "fundamental fairness" required "some course of action other than dismissal with prejudice" under Rule 13(a)). Worse, several citations "are so inaccurate as to raise suspicion that they were either cut and pasted without concern for the content of the case or 'made up' by artificial intelligence." *Vargas v. Salazar*, No. 4:23-CV-04267, 2024 U.S. Dist. LEXIS 209033, at *7 (S.D. Tex. Nov. 1, 2024). For instance, on page 19 of his brief, O'Brien cites "*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, No. 14-cv-62473, 2015 WL 12516692," for the proposition that "[w]here a party's strategic conduct prevents a litigant from asserting claims in a timely manner, equitable estoppel applies." App. Brief at 19. But the provided Westlaw citation leads to a different case—*Advanced Transit Dynamics, Inc. v. Ridge Corp.*, No. CV 15-1877 BRO (MANx), 2015 WL 12516692, 2015 U.S. Dist. LEXIS 189137 (C.D. Cal. Aug. 24, 2015)—which does not mention equitable estoppel. No cases with the case number "No. 14-cv-62473" could be located, and only one of the two instances of *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC* that undersigned counsel was able to locate even uses the word "estoppel." *See CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 606 (S.D.N.Y. 2008) (noting that the resolution of certain abstention questions "could raise complicated collateral estoppel issues").

# I. The District Court Properly Barred O'Brien's Claims as Compulsory Counterclaims.

The district court properly held that O'Brien's claims are barred by Rule 13(a) as compulsory counterclaims. Specifically, "O'Brien's claims in this case share a logical relationship with each of the prior suits: they arise out of the same transaction or occurrence, namely the unraveling of the business relationships surrounding No-H2O since the involvement of Flick and Chamberlain in that business began in 2020." *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *10. O'Brien's arguments to the contrary are unavailing.

In general, a defendant's counterclaim is compulsory if it "arises out of the same series of transactions or occurrences that form the basis for the plaintiff's claim and does not require adding another party that the court cannot acquire jurisdiction over." *VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016). A counterclaim arises out of the same transaction or occurrence as a claim if it there is a "logical relationship" between the two—that is, if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (quoting *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). While "[c]laims that have not yet matured cannot be considered a compulsory counterclaim," *ALK 2, LLC v. K2*

8

*Marine, Inc.*, 647 F. Supp. 3d 1253, 1258 (M.D. Ala. 2022), the "failure to raise a [mature] compulsory counterclaim in the first suit results in a waiver of that claim." *Montgomery Ward Dev. Corp.*, 932 F.2d at 1381. This Court reviews *de novo* a district court's decision to dismiss a plaintiff's complaint as barred by the compulsory counterclaim rule. *Id.* at 1379.

First, O'Brien argues that Judge Smith's August 14, 2024 Order in the *AE Capital* litigation effectively granted him leave to file his otherwise compulsory claims in a subsequent lawsuit. But the Order did no such thing—rather, it denied O'Brien's motion for leave to amend his pleadings while expressly refusing to "decide whether O'Brien has valid, actionable claims." *AE Capital Grp., LLC v. No-H2O USA, Inc.*, No. 23-60601-CIV, 2024 U.S. Dist. LEXIS 157816, at *4 n.4 (S.D. Fla. Aug. 14, 2024). Notably, O'Brien did not attach a copy of his proposed counterclaim to his motion, and the district court was therefore required to "ascertain the basis of the proposed counterclaim/third-party complaint from the very limited information in the Motion for Leave to Amend Pleadings." *Id.* at *3 n.3. In any event, O'Brien did not seek leave to amend in that matter until August 5, 2024, despite the fact that the original complaint was filed on March 28, 2023, which left "no question that allowing O'Brien to file a counterclaim more than six months after fact discovery has closed and less than a month before trial would either severely prejudice Plaintiff or lead to a lengthy delay of the August 2024

trial." *Id.* at *1-4. It was incumbent on O'Brien to timely assert his counterclaims. His failure to do so prevents him from bringing those counterclaims in the district court below.

Second, O'Brien argues that "any argument under Rule 13(a) became legally impossible once AE Capital was voluntarily dismissed," App. Brief at 16—in other words, when the claims against O'Brien were voluntarily dismissed, O'Brien's counterclaims ceased to be compulsory in the absence of pending litigation. *See id.* at 16-17 (asserting that "[c]ourts have held that Rule 13(a) only applies when a prior case is active at the time of filing," and citing *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1360 (5th Cir. 1979), which does not support or refer to that proposition).

O'Brien's argument is plainly wrong. The dismissal of AE Capital's claim against O'Brien does not excuse the requirement to bring his logically related claim as a compulsory counterclaim. *See Montgomery Ward Dev. Corp.*, 932 F.2d at 1381 ("A failure to raise a compulsory counterclaim in the first suit results in a waiver of that claim."). Indeed, if O'Brien had timely brought his counterclaims, they would have survived the voluntary dismissal of claims against O'Brien. Moreover, O'Brien's "interpretation … would make meaningless the compulsory counterclaim rule if the final disposition of the case would revive waived claims." *Quamina v. Ocwen Loan Servicing*, No. 16-60909-CIV, 2016 U.S. Dist. LEXIS

162673, at \*11-13 (S.D. Fla. Nov. 21, 2016), *R&R adopted*, 2016 U.S. Dist. LEXIS 187879 (S.D. Fla. Dec. 22, 2016). O'Brien failed to timely raise his compulsory counterclaims and thus waived them.

Third, O'Brien argues that the counterclaims did not "matur[e]" until after the first two lawsuits began, and therefore, the claims cannot now be compulsory. App. Brief at 16-18. But O'Brien does not rebut the district court's finding that "each Count [in the Amended Complaint] involves a series of allegations detailing behavior alleged to have commenced well before summer 2023[, when he filed his answers in the two lawsuits]—and, more importantly—known to O'Brien well before that time." *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at \*11. That finding is borne out by a comparison of the underlying pleadings, which indisputably share the "aggregate core of facts upon which the claim[s] res[t]" and which therefore "activate[d] additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (quoting *Plant*, 598 F.2d at 1361).[2] Thus, the counterclaims were required to be asserted when O'Brien filed his answers in the previous lawsuits.

---

[2] *Compare* Amended Compl. [Doc. No. 8] (alleging the breakdown of NO-H2O business relationships involving O'Brien, Chamberlain, and Flick, prior to the filing of the complaints in the *AE Capital* litigation and *Picadilly Holdings* litigation), *with AE Capital Group LLC v. NO-H20 USA, Inc. et al.*, Case No. 23-cv-60601-RS, Compl. [Doc. No. 1] (same), *and Piccadilly Holdings II, LLC et al v. NO-H2O USA, Inc. et al.*, Case No. 23-cv-60978-DSL, Compl. [Doc. No. 1] (same).

Fourth, O'Brien asserts that the counterclaims do not arise from the "same transaction or occurrence" as the original claims because his tort claims differ from the original claims of "mismanagement of corporate funds, fraud and misrepresentation." App. Brief at 18. But whether there are differences between the legal theories that undergird the claims and counterclaims is not the inquiry—rather, the inquiry is whether the claims and counterclaims pass the logical relation test. O'Brien does not contend, nor could he, that the claims and counterclaims at issue here do not share the requisite "aggregate core of facts." *Republic Health Corp.*, 755 F.2d at 1455 (quoting *Plant*, 598 F.2d at 1361). Rather, the record is clear that "O'Brien's claims in this case share a logical relationship with each of the prior suits: they arise out of the same transaction or occurrence, namely the unraveling of the business relationships surrounding No-H2O since the involvement of Flick and Chamberlain in that business began in 2020." *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *10; *see id.* at *10 n.2 (taking judicial notice of the dockets of the two prior lawsuits and the claims asserted therein).

Fifth, O'Brien contends that this Court should flexibly interpret Rule 13(a) in the interests of, *inter alia*, "fairness," "equity," and "judicial economy." App. Brief at 20-22. But those policy concerns are precisely why O'Brien should not be allowed another bite at the apple. Indeed, "[t]he purpose of litigating compulsory counterclaims in the same action is for judicial economy." *Borden v. Saxon Mortg.*

*Servs.*, 469 F. App'x 752, 754 (11th Cir. 2012). O'Brien's failure to do so in a timely manner in the previous lawsuits bars him from doing so in this matter.

Accordingly, Defendant-Appellee Chamberlain respectfully requests that this Court affirm the district court's dismissal of the Amended Complaint with prejudice because O'Brien's claims are barred as compulsory counterclaims.

## II. The District Court Did Not Abuse Its Discretion in Sanctioning O'Brien for Violating His Duty of Candor.

If this Court addresses O'Brien's arguments relating to the district court's sanction of dismissal without prejudice, it should affirm the district court in that regard as well.

In general, district courts have the "inherent authority to sanction non-compliant or non-prosecuting plaintiffs 'so as to achieve the orderly and expeditious disposition of cases.'" *Moskovits v. Aldridge Pite, LLP*, 677 F. App'x 510, 515 (11th Cir. 2017) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "A finding [of bad faith] warrants dismissal without prejudice." *Benning v. Ga. Dep't of Corr.*, No. 5:19-cv-00248-MTT-CHW, 2020 U.S. Dist. LEXIS 273770, at *2 (M.D. Ga. Apr. 9, 2020) (quoting *Jones v. Szalai*, 778 F. App'x 847 (11th Cir. 2019)). Dismissal without prejudice is generally "not an abuse of discretion and should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Id.* at 516 (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)).

The district court properly relied on its inherent authority to sanction O'Brien with dismissal without prejudice for his violation of the duty of candor. The district court concluded that O'Brien had cited to nonexistent, AI-generated legal citations, and that his conduct evidenced bad faith—particularly in light of his representation that "the fake citations were 'the result of an inadvertent mix-up while handling multiple case references,'" *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *14, and his history of "making representations to the Court that lack a good faith basis," *id.* at *17.

In any event, O'Brien cannot show that his Amended Complaint should survive Rule 13(a)'s compulsory counterclaim bar. As such, even assuming *arguendo* that the district court abused its discretion when it sanctioned O'Brien, that error would be harmless because there is no reasonable likelihood that the outcome would have been different absent the error. *EEOC v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019).

### III. The District Court Did Not Abuse Its Discretion in Striking O'Brien's Proposed Sur-Reply.

Similarly, the district court did not abuse its discretion in striking O'Brien's proposed sur-reply due to his failure to comply with Local Rule 7.1.

A district court may strike pleadings that do not comply with local rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("[A]lthough we are to give liberal

construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'"); *see, e.g.*, *Prof'ls Direct Ins. Co. v. Lopez*, No. 09-cv-21761-PAS, 2009 U.S. Dist. LEXIS 139157, at *5 (S.D. Fla. Sep. 9, 2009) (striking a pleading when the movant failed to comply with the conferral requirement of Rule 7.1 of Local Rules of the Southern District of Florida). This Court reviews a district court's exercise of its inherent authority to manage its docket by striking pleadings for abuse of discretion. *Pinkston*, 752 F. App'x at 758.

The district court noted that O'Brien "repeats the same pattern of disregard for the Local Rules that he has shown in the other cases against him in this District," and "demonstrates no remorse for having failed to abide by the Local Rules' conferral requirement, and no indication that he plans to abide by it going forward." *O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *19. Rather than meaningfully address these concerns, O'Brien simply asserts that "the District Court struck his Proposed Sur-Reply without consideration." App. Brief at 8, 22. Indeed, O'Brien doubles down in his brief before this Court, claiming that he submitted false citations due to a "research tool mix-up" and that such citation errors caused no "tangible harm" to the Defendants. *Id.* at 22-23; *see supra* note 1 (discussing O'Brien's apparently continuing reliance on AI-generated "legal research"). These excuses do not absolve O'Brien of his responsibility to abide by

his duty of candor to the Court, the Court's orders or the Local Rules; nor do they provide a basis for reversal.

This Court should affirm.

## Conclusion

Defendant-Appellee Samuel Chamberlain respectfully requests that this Court affirm the District Court's ruling below.

Date: March 26, 2025

/s/ Nicholas J. Gehrig
Nicholas J. Gehrig
**Bean, Kinney & Korman, PC**
2311 Wilson Boulevard
Suite 500
Arlington, VA 22201
(703) 525-4000
ngehrig@beankinney.com
*Attorney for Appellee Samuel*
*Chamberlain*

## Certificate Of Compliance

I HEREBY CERTIFY that this document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The total word count, excluding parts exempted by Rule 32(f), is 3,632 words. This document has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

## Certificate Of Service

I HEREBY CERTIFY that on this 26th day of March, 2025, a true and correct copy of the foregoing Appellee's Brief was served via CM/ECF and email upon:

Emmet O'Brien (Pro Se)
P.O. Box A01
04001, Košice 1, Slovakia
emmetob@aol.com

/s/ Nicholas J. Gehrig
Nicholas J. Gehrig
